UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONDRE COLEMAN,

    Plaintiff

v.

HEIDI WASHINGTON,
MICHAEL EAGEN,
BRIAN SHIPMAN,
KENNETH ROMANOWSKI,
S. VALADE,
BARBARA ANDERSON,
A. FORTESCUE,

    Defendants.
_____/

Case No. 2:18-cv-13171
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

**ORDER REGARDING PLAINTIFF'S FEBRUARY 5 & FEBRUARY 14, 2019 FILINGS (DEs 5 & 6) and REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S FEBRUARY 14, 2019 MOTION FOR SUMMARY JUDGMENT (DE 7)**

**A.    Background**

Deon (Deondre) Coleman is currently incarcerated at the Michigan Department of Corrections (MDOC) Central Michigan Correctional Facility (STF), where he is serving sentences imposed in state court.[1] By way of background, Coleman claims that, on or about October 4, 2017, he was ordered to complete

---

[1] *See* www.michigan.gov/corrections, "Offender Search" (last visited Feb. 21, 2019).

ASAT (Advanced Substance Abuse Treatment), a 90-day in-custody treatment program at the MDOC's Detroit Reentry Center (DRC).  (DE 1 at 1.)  According to Coleman, DRC "does not have a religious kitchen . . . [,]" and "the transported foods [were] not edible or safe."  (*Id.*)  Plaintiff allegedly completed ASAT on February 4, 2017.  (*Id.*)

On April 18, 2018, Coleman was charged with violating certain parole conditions, which he contends resulted in him being sent to RFC for Residential Substance Abuse Program (RSAT), purportedly an 8-month in-custody treatment program.  (DE 1 at 1, 13.)  Coleman inquired about his religious diet, and, on June 5, 2018, registered dietician A. Fortescue responded, *inter alia*, that Plaintiff would have to contact administration.  (DE 1 at 14, DE 7 at 29.)  It appears that, on or about June 8, 2018, Coleman "failed to participate and/or complete the residential Substance Abuse Treatment (RSAT) program, causing him to be discharged."  (DE 1 at 12.)  Apparently, Plaintiff's parole was revoked in August 2018. (DE 1 at 10-12, DE 7 at 26-28.)  Additionally, he appears to have successfully completed substance abuse treatment on December 14, 2018.  (DE 7 at 30.)

**B.     The Instant Case[2]**

---

[2] Plaintiff has been a party to multiple other cases in this Court.  *See Coleman v. Christiansen*, Case No. 2:18-cv-12846-DPH-MKM (a petition for writ of habeas corpus as to which judgment was entered on Dec. 11, 2018); *Coleman v. Gidley*, Case No. 5:17-cv-10013-JCO-RSW (a petition for writ of habeas corpus as to which judgment was entered on Jan. 10, 2017); *Coleman v. State of Michigan*,

2

On October 11, 2018, while incarcerated at STF, Plaintiff filed the instant matter *in pro per* against seven defendants: (1) Heidi Washington; (2) Michael Eagen; (3) Brian Shipman; (4) K. Romanski (Kenneth Romanowski); (5) S. Valade; (6) Barbara Anderson; and, (7) A. Fortescue. (DE 1 at 2.) Plaintiff's complaint is 4 pages in length and concerns his access to religious meals that do not fall short of nutritional guidelines.[3]

On February 19, 2019, the Court entered an opinion and order of partial summary dismissal, which dismissed the complaint as to Defendants Washington, Eagen, Shipman, Valade, Anderson and Fortescue, and ordered the United States Marshal Service (USMS) to serve a copy of the complaint upon Defendant Romanowski without prepayment of costs. (DE 8.) The Clerk's Office is in the process of preparing the papers for service upon Defendant Romanowski and submitting them to the USMS.

---

Case No. 2:16-cv-10608-PDB-EAS (a petition for writ of habeas corpus as to which judgment was entered on Mar. 3, 2016); and, *Coleman v. State of Michigan*, Case No. 2:16-cv-10345-GAD-RSW (a petition for writ of habeas corpus as to which judgment was entered on Mar. 21, 2016). *See also Coleman v. Snyder, et al.*, Case No. 2:17-cv-10789-SJM-EAS (a prisoner conditions case, which was summarily dismissed without prejudice on Mar. 21, 2017); *Coleman v. Snyder, et al.*, Case No. 2:16-cv-10295-DML-DRG (a prisoner civil rights case in which judgment was entered on Mar. 2, 2017).

[3] In support of his complaint, Plaintiff attaches MDOC Policy Directives 04.07.100 (Offender Meals) and 05.03.150 (Religious Beliefs and Practices of Prisoners). (DE 1 at 5-9, DE 7 at 21-25.)

Judge Tarnow has referred this case to me for pretrial matters. (DE 9.) Currently before the Court are several matters that warrant the Court's attention.

**C.      Order**

Plaintiff's February 5, 2019 filing cites Fed. R. Civ. P. 79 ("Records Kept by the Clerk"), but was docketed as a demand for trial by jury. (DE 5.) To the extent Plaintiff seeks copies of particular documents in this case or a copy of the current docket sheet, he must do so by contacting the Clerk's Office, who may charge Plaintiff for the photocopies or printer-generated copies. *See* www.mied.uscourts.gov, "Clerk's Office," "Fee Schedule." Moreover, while the docket indicates that Plaintiff has filed a jury demand, it is worth noting that this should be done in accordance with Fed. R. Civ. P. 38 ("Right to a Jury Trial; Demand"), E.D. Mich. LR 9.1(a) ("Notation of "Jury Demand" in the Pleading.").

Plaintiff's February 14, 2019 filing contains similar requests, in addition to a request to amend his complaint to add a new Defendant (A. Hitchingham). (DE 6).[4] Plaintiff's request to amend his complaint is **DENIED** as filed. Although the title of this filing uses the phrase "motion to amend," the text of this filing requests for the Court to add Ms. Hitchingham as a Defendant "for denying access to the

---

[4] The Court notes that, attached to another of Plaintiff's filings is an October 25, 2018 Step I grievance response in 2018-09-0780-14f, which describes Plaintiff's complaint as concerning two requests for legal copies and reflects that "the documents should have been copied." (DE 7 at 11.)

Court . . . ." The Court cannot merely add one Defendant to this case and paraphrase the claims against the new party, as "the plaintiff is the master of the complaint[.]" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-399 (1987). If Plaintiff intends to amend his complaint "as a matter of course" under Fed. R. Civ. P. 15(a)(1), Plaintiff is hereby notified that, "[n]ormally, an amended complaint supersedes the original complaint." *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009). If Plaintiff seeks leave to amend under Fed. R. Civ. P. 15(a)(2), then his attention is directed to E.D. Mich. LR 15.1 ("Form of a Motion to Amend and Its Supporting Documentation").

**IT IS SO ORDERED.**

**D.    Report and Recommendation**

Plaintiff's February 14, 2019 filing is titled a jury demand and a Fed. R. Civ. P. 56 request for summary judgment. (DE 7.)[5] At this time, Defendant Romanowski is the only remaining Defendant in this case, and he has yet to be served, let alone appeared. Quite simply, even if Plaintiff were entitled to summary judgment in his favor, there is no one against whom to enter judgment. Therefore, the motion should be denied as premature, without prejudice to refiling the request at a later and more appropriate time.

---

[5] Attached to Plaintiff's filing are copies of MDOC PD 04.07.103 ("Institutional Food Service Sanitation"). (DE 7 at 31-33.)

Dated: February 26, 2019        s/*Anthony P. Patti*
                                           Anthony P. Patti
                                           UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 26, 2019, electronically and/or by U.S. Mail.

                                             s/Michael Williams
                                             Case Manager for the
                                             Honorable Anthony P. Patti