UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEON COLEMAN, | Case No. 18-13171 |
| Plaintiff, | |
| | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| KENNETH ROMANOWSKI, ET AL., | U.S. MAGISTRATE JUDGE |
| | ANTHONY PATTI |
| Defendants. | |

**ORDER ADOPTING REPORT AND RECOMMENDATION [11] AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [12]**

Plaintiff Deon Coleman brought this suit on October 11, 2018. He alleges that he has been deprived of the halal diet required by his religious beliefs, in violation of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). (Dkt. # 1, Compl.). He argues that his parole was revoked because he could not eat the food provided to him at the Detroit Reentry Center as part of his Residential Substance Abuse Treatment ("RSAT") program. (Dkt. 1, Ex. J). Though he filed this case from the Central Michigan Correctional Facility in St. Louis, Michigan, Mr. Coleman has since been transferred to the Macomb Correctional Facility in New Haven, Michigan. (Dkt. 13).

On February 19, 2019, the Court dismissed several Defendants because Mr. Coleman failed to plead any connections between those Defendants' actions and his injuries. (Dkt. 8). On March 6, 2019, Mr. Coleman filed a Motion for Reconsideration [12] and listed out each Defendant and their alleged role in denying him his rights to a religious diet. These explanations cannot serve as a substitute for the complaint, however. The Court is not empowered to combine all of Plaintiff's allegations to construe a coherent complaint, and Mr. Coleman's Motion for Reconsideration [12] is therefore **DENIED**.

As the Magistrate Judge made clear in his Report and Recommendation, however, Mr. Coleman can file a motion for an amended complaint to include allegations against Defendants that were not included in his original complaint.

> A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion.

Local Rule 15.1. Form of a Motion to Amend and Its Supporting Documentation

Such an amended complaint would entirely substitute Mr. Coleman's original complaint. If he does file an amended complaint, he must not omit any grounds for relief.

On February 26, 2019, the Magistrate Judge filed an Order and a Report and Recommendation (R&R) [11]. The Order and R&R adjudicated Plaintiff's two February 14, 2019 filings. The first was a Motion to Add New Defendants [6]. The Magistrate Judge denied this order and explained, as above, that an amended complaint entirely replaces the original complaint. New allegations and defendants cannot be added piecemeal as the case proceeds.

The second was a Request for Summary Judgment [7]. The R&R recommends denying as premature this motion for Summary Judgment under FED. R. CIV. P. 56, as the defendants have yet to be served. Mr. Coleman did not object to the R&R.

Having reviewed the record, the Report and Recommendation [11] is hereby **ADOPTED** and entered as the findings and conclusions of the Court.

**IT IS ORDERED** that Plaintiff's Request for Summary Judgment [7] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration [12] is **DENIED**. If Mr. Coleman intends to file an amended complaint, he must do so before May 6, 2019.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 21, 2019            Senior United States District Judge