UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON COLEMAN,

    Plaintiff

v.

HEIDI WASHINGTON,
MICHAEL EAGEN,
BRIAN SHIPMAN,
KENNETH ROMANOWSKI,
SARAH VALADE,
BARBARA ANDERSON,
ANGELA FORTESCUE,

    Defendants.
_____/

Case No. 2:18-cv-13171
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT ROMANOWSKI (ECF 23), GRANTING DEFENDANT ROMANOWSKI'S MOTION TO STAY DISCOVERY (ECF 26), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF 32), and DENYING PLAINTIFF'S REQUESTS FOR COPIES (ECF 35)</u>**

**A.    At this time, Romanowski is the only active Defendant.**

Deon Coleman was paroled from the Michigan Department of Corrections (MDOC) on April 25, 2019 and has since updated his address with the Court.[1] Mr. Coleman's instant lawsuit, which was initiated on October 11, 2018, began with

---

[1] (*See* www.michigan.gov/corrections, "Offender Search" (last visited Oct. 4, 2019); DE 35.)

1

seven (7) Defendants and concerns events that allegedly occurred at the MDOC's Detroit Reentry Center (DRC). (ECF 1.)

Plaintiff is proceeding *in forma pauperis*. The Court has summarily dismissed six (6) defendants and denied the related motion for reconsideration. (ECFs 8, 12, 14.) Thus, Romanowski is currently the only active Defendant.[2]

**B.     Romanowski has appeared and is represented by counsel.**

The U.S. Marshal Service attempted service upon Romanowski by mail, and, in April 2019, Romanowski returned an executed waiver of the service of summons. (ECFs 10, 16.) On May 8, 2019, I entered an order requiring Michigan's Department of Attorney General to inform the Court whether it intends to represent Defendant Romanowski and directing the Clerk of this Court to serve a copy of this order upon Michigan's Department of Attorney General. (ECF 19.)

On May 16, 2019, Michigan's Attorney General entered an appearance on behalf of Defendant Romanowski, as well as a jury demand and a motion for enlargement of time in which to file a responsive pleading. (ECFs 20, 21, 22.) On May 31, 2019, I entered an order setting deadlines, including an October 18, 2019

---

[2] On April 4, 2019, Plaintiff filed what is titled a "supplement amended complaint," which the Court interprets as a first amended complaint and which names six (6) Defendants, including Defendant Romanowski. (ECF 15.) The Court will address this complaint, as well as Plaintiff's pending motion for the appointment of counsel (ECF 17), under separate cover.

discovery deadline, and deeming moot Defendant Romanowski's motion for enlargement of time. (ECF 24.) Defendant Romanowski timely filed a responsive filing (ECF 25), which will be addressed under separate cover.

### C.  **Plaintiff's motion for default judgment (ECF 23) is denied.**

Judge Tarnow has referred this case to me for pretrial matters. Among the motions currently pending before the Court is Plaintiff's May 30, 2019 motion for default judgment as to Defendant Romanowski. (ECF 23.) The motion is one page in length but accompanied by six attachments, for each of which Plaintiff's motion provides some type of explanation.

Considering that Romanowski is the only active defendant at this point, by Plaintiff's motion's title, and by the complaints therein that Romanowski is disobeying the Court's orders, the Undersigned interprets this motion as based on Fed. R. Civ. P. 55 ("Default; Default Judgment") and denies the motion. Absent some indication that the Court had earlier acquired jurisdiction over Romanowski, he could only have disobeyed an order that was filed once he waived the service of summons in April 2019. To the extent Plaintiff's May 30, 2019 motion for default judgment contends that Romanowski did not respond to the complaint in accordance with the April 2019 executed waiver of the service of summons (ECF 16), Romanowski had already filed a May 16, 2019 motion for extension (ECF

22), which the Court deemed moot in its May 31, 2019 order setting deadlines (ECF 24). As such, Plaintiff's motion for default judgment (ECF 23) is **DENIED**.

### D. Defendant Romanowski's motion to stay discovery (ECF 26) is granted, and Plaintiff's motion to compel discovery (ECF 32) is denied without prejudice.

Defendant Romanowski's July 10, 2019 responsive pleading is a Fed. R. Civ. P. 56 motion for summary judgment, which argues that Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). (ECF 25 at 4, 10.) On or about July 22, 2019, Plaintiff served a First Set of Interrogatories (Nos. 1-25), presumably directed to Romanowski. (ECF 26-2 at 2-5.)[3] In a subsequently filed motion, Romanowski argues that the Court should stay discovery until it rules on his motion for summary judgment, because "[f]ailure to exhaust is [a] threshold issue that must be decided before granting discovery on any substantive claim in this case." (ECF 26 at 6, 9-10.)

On August 27, 2019, Plaintiff filed a motion to compel discovery. (ECF 32.) Although the motion purports to be based on Fed. R. Civ. P. 56(f) ("Judgment Independent of the Motion."), it appears Plaintiff intended to bring his motion pursuant to another subsection of Rule 56, namely: "If a nonmovant shows by

---

[3] Plaintiff appears to have concurrently served discovery requests to Angela Fortescue, who, as discussed above, was dismissed from this lawsuit on February 19, 2019 and is, thus, not required to respond, absent a valid and properly served subpoena. (ECF 26-2 at 6-8.)

affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d) ("When Facts Are Unavailable to the Nonmovant.").[4]

Upon consideration, Defendant Romanowski's August 5, 2019 motion to stay discovery (ECF 26) is **GRANTED**, and Plaintiff's August 27, 2019 motion to compel discovery (ECF 32) is **DENIED WITHOUT PREJUDICE**. Plaintiff makes his motion under penalty of perjury, and he correctly notes that the Court's order setting deadlines provides that "[d]iscovery may proceed and must be completed on or before **Friday, October 18, 2019**." (ECF 24 at 2, ECF 32 ¶ 4.) However, contrary to Plaintiff's characterizations, the Court does not view Defendant's motion to stay as having been filed due to the illegibility of Plaintiff's discovery requests, nor does the Court view Defendant Romanowski's motion to stay as a "stall tactic." (ECF 32 ¶¶ 2, 5.)[5] Instead, the Court views the motion as requesting "an order to protect a party or person from . . . undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). *See*, *e.g.*, *Clardy v. Gilmore*, 773 F. App'x

---

[4] This apparent mistake is understandable, as the current version of Rule 56(d) was formerly housed under Subsection (f).

[5] Plaintiff's motion also mentions requests served on August 7, 2019 (ECF 32 at 1), which the Court assumes were duplicated service of more legible requests.

958, 959 (9th Cir. July 22, 2019) ("Defendants reasonably sought to stay discovery under Federal Rule of Civil Procedure 26(c) because it would be an unnecessary burden and expense before threshold, dispositive issues, including exhaustion, were resolved."). Moreover, Plaintiff's single-page motion to compel does not explain how his 25 discovery requests to Defendant Romanowski will provide "facts essential to justify [Plaintiff's] opposition . . ." to the pending exhaustion-based motion for summary judgment. Fed. R. Civ. P. 56(d). In the event Plaintiff's claims against Defendant Romanowski survive the pending exhaustion-based motion, then Plaintiff may renew his discovery requests to Romanowski.

### E. Plaintiff's August 30, 2019 requests for copies (ECF 35) are denied.

In his August 30, 2019 notice of change of address/contact information, Plaintiff requests copies of: (1) a report and recommendation in *Coleman v. Gullet, et al.*, Case No. 4:12-cv-10099-MAG-LJM (E.D. Mich.); and, (2) an updated docket sheet in this case. These requests (ECF 35) are **DENIED**. Preliminarily, there are several reports and recommendations in Case No. 12-10099 (ECFs 17, 41, 52, 99, 100, 102, 134, 135). Perhaps more importantly, if Plaintiff wishes to obtain a copy of a matter on the docket, he may do so through Public Access to Court Electronic Records (PACER). *See* http://www.mied.uscourts.gov/index.cfm?pageFunction=coCourtRecords.

**IT IS SO ORDERED.**

Dated: May 8, 2019

s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on October 8, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti