UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONDRE LAMONT
COLEMAN,

       Plaintiff

v.

HEIDI WASHINGTON, *et al.*,

       Defendants.
_____/

Case No. 2:18-cv-13171
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUCCESSIVE PRELIMINARY INJUNCTION (ECF 38)

**I.**    **RECOMMENDATION:** The Court should **DENY WITHOUT PREJUDICE** Plaintiff's October 30, 2019 motion for successive preliminary injunction, as presented. (ECF 38.)

**II.**    **REPORT:**

   **A.**    **Introduction**

This case concerns religious meals at the Michigan Department of Corrections (MDOC) Detroit Reentry Center (DRC), to which Plaintiff was allegedly "sanctioned" in October 2017 and April 2018 and which Plaintiff claims "does not have a religious kitchen . . . ." (ECF 1 at 1.) Since this lawsuit's October 2018 inception, at which point Plaintiff was located at the MDOC's

1

Central Michigan Correctional Facility (STF), he has been transferred to Macomb Correctional Facility (MRF), paroled, reassigned to DRC, and then, apparently, discharged to a rehabilitation center. (ECF 1, 13, 15, 18, 28, 35.) Currently, Plaintiff's address of record is 1491 South Division Avenue, Grand Rapids, MI 49507, which is the location of a Salvation Army Adult Rehabilitation Center. (ECF 39.)[1]

### B.     Instant Motion

Judge Tarnow has referred this case to me for pretrial matters. (ECF 9.) Currently pending before the Court is Plaintiff's October 30, 2019 motion for successive preliminary injunction. (ECF 38.) This single-paragraph filing reads:

> Now comes Plaintiff, and moves this Court for a successive-preliminary injunction [*Riley v. Brown*, No. CIV.06-0331(DRD), 2006 WL 1722622 (D.N.J. June 21, 2006)][.] The current injunction was granted Aug[ust] 23, 2019[.][2] D.R.C. does not have a religious kitchen . . . [.] Requirements of completing a[n] in custody program when approved for religious meals violates R.L.U.I.P.A. provisions [*Cutter v. Wilkinson*, 125 S. Ct. 2113 (2005)][.] M.D.O.C. [cannot] blow off the right to freely exercise our religion [*Alexander v.*

---

[1] *See also* www.salvationarmyusa.org. This address is consistent with the MDOC's Offender Tracking Information System (OTIS), which lists Plaintiff's location as the Kent County Parole Office, Grand Rapids, Michigan. *See* www.michigan.gov/corrections, "Offender Search," last visited Nov. 4, 2019.

[2] The Undersigned is not aware of any injunction granted in this case, let alone one granted on August 23, 2019. Perhaps this is simply a reference to: (1) Plaintiff's constitutional challenge to DRC's legitimacy, dated August 19, 2019 and filed on August 23, 2019 (ECF 29); or, (2) Plaintiff's request for a transfer from DRC and jury trial on damages, dated August 16, 2019 and filed on August 27, 2019 (ECF 30).

2

> *Carrick*, 31 F. App'x 176 (6th Cir. 2002)][.]  This intentional error in programming is evidence of [the] M.D.O.C.'s back handed way of setting modern day corporal punishment for programming . . . [.]  No one is trained[,] equip[p]ed[,] or familiar with religious meals requirements, because this religious overreach programming has the capability to occur at any parole violation for the next 2 [years].  . . . For this reason[,] the Plaintiff is requesting a conf[e]rence date and successive injunction [*Gammett v. Idaho State Bd. of Corr.*, No. CV05-257-S-MHW, 2007 WL 2684750 (D. Idaho Sept. 7, 2007)][.]

(ECF 38 at 1.)  Within this paragraph, Plaintiff cites several exhibits, including: (1) Registered Dietician Fortescue's June 2018 kite response; (2) Plaintiff's August 2018 "Parole Violation Arraignment Summary and Parole Board Action;" (3) Plaintiff's August 2019 MDOC Misconduct Report; and, (4) the related Security Reclassification Notice.  (*See* ECF 15 at 12-15, ECF 34 at 14-17.)

### C.  Discussion

The relief Plaintiff seeks in the instant filing is discernable.  By way of background, the June 2018 kite response explains that "there is not a religious kitchen at this facility . . . [,]" which is presumably a reference to DRC.  (ECF 15 at 15.)  Accordingly, when the above paragraph is considered together with the aforementioned exhibits, it follows that Plaintiff seeks to prevent reassignment to DRC (or, for that matter, to any other MDOC facility that lacks a religious kitchen) should he be sent back to the MDOC for in-custody programming, such as Residential Substance Abuse Programming (RSAT) or Advanced Substance Abuse Programming (ASAT), during his parole period.

"There are four factors that are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir. 1991) (citing *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir.1985)).

Although Plaintiff's operative pleading, *i.e.*, his April 4, 2019 "supplement" amended complaint, purports to be based upon, *inter alia*, several constitutional amendments (ECF 15 at 1), Plaintiff's lawsuit about religious meals at DRC is grounded in the First Amendment to the United States Constitution, which provides, in pertinent part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. "[B]ecause the questions of harm to the parties and the public interest generally cannot be addressed properly in the First Amendment context without first determining if there is a constitutional violation, the crucial inquiry often is, and will be in this case, whether [DRC's religious meal arrangement] is likely to be found constitutional." *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998).

Plaintiff's motion for injunctive relief does not illuminate the Court's view of this crucial inquiry.  True, Plaintiff attaches to his operative pleading the MDOC Police Directive concerning offender meals, which provides, in part:

> Offenders shall be permitted to abstain from any foods that violate their religious tenets. Religious menus shall be developed and religious meals provided as set forth in PD 05.03.150 "Religious Beliefs and Practices of Prisoners." The Food Services Program Manager shall ensure religious meals training is developed and provided to offenders and staff who work in Food Service. Receipt of the training shall be documented on a Prisoner Worker Safety Training Record (CAJ-900) and Employee Safety Training Record (CAJ-1018) as appropriate.

(ECF 15 at 7; MDOC PD 04.07.100 ¶ D (effective July 16, 2018).)  Moreover, in the attachments to his operative pleading, Plaintiff highlights that "[a] prisoner approved to eat from a religious menu . . . shall be transferred to an institution offering the meals if necessary."  (ECF 15 at 11, MDOC PD 05.03.150 ¶¶ QQ.)[3] Additionally, Plaintiff attaches the policy directive which concerns "Food Service Sanitation and Safety Standards."  (ECF 15 at 18; MDOC PD 04.07.103 (effective Nov. 12, 2018).)  Thus, it is clear to the Court that, at the very least, Plaintiff's

---

[3] The version of MDOC PD 05.03.150 upon which Plaintiff relies is unclear.  The current version of this policy directive became effective on October 1, 2019, which post-dates Plaintiff's April 4, 2019 operative pleading.  Therefore, the Court assumes that Plaintiff is referring to the immediately preceding version of this policy, which became effective on October 15, 2018.  *See* www.michigan.gov/corrections.

5

operative pleading concerns access to sufficient, sanitary, and safe religious meals at DRC.

However, the instant, single-paragraph request for injunctive relief does not show that Plaintiff is likely to succeed on the merits of his underlying First Amendment religious meal claim, as set forth in the operative pleading. Therefore, the Court should deny Plaintiff's motion for preliminary injunctive relief in its current form.

### III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: November 6, 2019

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on November 6, 2019, electronically and/or by U.S. Mail.

                                                            s/Michael Williams
                                                            Case Manager for the
                                                            Honorable Anthony P. Patti