UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
NOV 25 2019
CLERK'S OFFICE
DETROIT

DEONDRE LAMONT
COLEMAN,

        Plaintiff

v.

HEIDI WASHINGTON, *et al.*,

        Defendants.
_____/

Case No. 2:18-cv-13171
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY THE RELIEF SOUGHT IN PLAINTIFF'S NOVEMBER 4, 2019 PETITION (ECF 42)

**I.   RECOMMENDATION:** The Court should **DENY** the relief sought in Plaintiff's November 4, 2019 petition (ECF 42).

**II.   REPORT:**

    **A.   Service of process as to certain Defendants is ongoing.**

Plaintiff initiated this case in 2018 against seven Defendants. (ECF 1 at 2.) On February 19, 2019, the Court dismissed the complaint as to six Defendants but directed service upon Defendant Romanowski, who has since appeared. (ECF 8, 16, 20.)

Meanwhile, Judge Tarnow referred the case to me for pretrial matters. (ECF 9.) On April 4, 2019, Plaintiff filed a "supplement amended complaint," which named six Defendants. (ECF 15.) Since then, the Undersigned has entered several

orders. (ECF 19, 24, 27, 36, 40.) The most recent of these orders, *inter alia*, directed the U.S. Marshal Service to attempt service of the Amended Complaint upon four Defendants. (ECFs 15, 40.) On November 7, 2019, the U.S. Marshal Service acknowledged receipt of documents for service of process as to Washington, Eagen, Shipman and Valade. (ECF 44.) Service upon these Defendants is ongoing.[1]

### B. Plaintiff's October 30, 2019 request for injunctive relief is currently before Judge Tarnow.

Of particular import to the matter currently before the Court is Plaintiff's October 2019 "motion for successive preliminary injunction," which this Court construed as seeking to prevent reassignment to DRC (or, for that matter, to any other MDOC facility that lacks a religious kitchen) should he be sent back to the MDOC for in-custody programming, such as Residential Substance Abuse Programming (RSAT) or Advanced Substance Abuse Programming (ASAT), during his parole period. (ECF 38, ECF 43 at 3.) On November 6, 2019, I filed a report, which recommended that the Court deny without prejudice Plaintiff's motion, as then presented. (ECF 43 at 1, 6.)

### C. The Court should deny the relief sought in Plaintiff's November 2019 petition (ECF 42).

---

[1] Plaintiff and Defendant Romanowski have each filed a motion for summary judgment. (ECFs 7, 25.) The Court has denied without prejudice Plaintiff's request for summary judgment. (ECFs 11, 14.) The Court is still reviewing Defendant Romanowski's motion for summary judgment. (ECF 41.)

2

Currently before the Court is Plaintiff's November 2019 petition, which is hand-dated November 1, 2019. (ECF 42 at 2.) Preliminarily, I note that, although this petition has a November 4, 2019 filing date, it was not recorded on the docket until November 6, 2019. (ECF 42.) This explains why the petition was not mentioned within the Court's November 6, 2019 report and recommendation. (ECF 43.)

Nonetheless, the petition will be discussed here. Plaintiff supports his petition with four enumerated reasons, each of which is mixed with exhibit and case citations. (ECF 42 at 1-2.) Then, in what can best be described as a prayer for relief, Plaintiff asks the Court "to provide some guidepost for religious exercise at Detroit Reentry Center [DRC] . . . ." (ECF 42 at 2.)

The Court should decline Plaintiff's invitation. First, the request for injunctive relief is vague. Second, as best the Court can tell, Plaintiff is not currently located at DRC.[2] Beginning in October 2019, Plaintiff's address of record changed to 1491 South Division Avenue, Grand Rapids, MI 49507, which is the location of a Salvation Army Adult Rehabilitation Center. (ECFs 37, 39;

---

[2] To be sure, this lawsuit is about the DRC. (ECF 1, 15.) Since this lawsuit's October 2018 inception, at which point Plaintiff was located at the MDOC's Central Michigan Correctional Facility (STF), he has been transferred to Macomb Correctional Facility (MRF), paroled on April 25, 2019, reassigned to DRC, and then, apparently, discharged to a rehabilitation center. (ECF 1, 13, 15, 18, 28, 35.)

www.salvationarmyusa.org.) This address is consistent with the MDOC's Offender Tracking Information System (OTIS), which lists Plaintiff's location as the Kent County Parole Office, Grand Rapids, Michigan. *See* www.michigan.gov/corrections, "Offender Search," last visited Nov. 22, 2019. However, at the same time, OTIS indicates that Plaintiff absconded from parole on November 4, 2019. *Id.* Finally, the Court has, on two relatively recent occasions, noted that Plaintiff's then-current address was a non-DRC venue.[3]

Simply put, Plaintiff's petition seeks vague, injunctive relief at DRC even though he is not currently located there and may never be there again. Accordingly, the Court should deny the relief sought in Plaintiff's November 2019 petition (ECF 42).[4]

---

[3] The Court's October 30, 2019 opinion and order observed that, "[w]hatever complaints Plaintiff had about DRC in August 2019, or damages he sought as a result of being sent there in August 2019, his current address of record is Elmurst Home, Inc., which is described as a men's treatment facility." (ECF 40 at 10; *see also* ECF 35.) Also, my November 6, 2019 report and recommendation noted that "Plaintiff's address of record is 1491 South Division Avenue, Grand Rapids, MI 49507, which is the location of a Salvation Army Adult Rehabilitation Center." (ECF 43 at 2; *see also* ECF 39.)

[4] As noted above, Plaintiff's underlying claims against Defendant Romanowski are under review by Judge Tarnow. (ECF 41.) Moreover, once Defendants Washington, Eagen, Shipman and/or Valade appear, they will have an opportunity to defend themselves on Plaintiff's claims against them within the amended complaint. (ECF 15; *see also* ECF 41 at 13.) As such, this recommendation relates only to the petition and makes no comment upon Plaintiff's claims against Defendants within the operative pleading.

4

## III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: November 25, 2019

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE