UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>EON</small> C<small>OLEMAN</small>,

        Plaintiff,

v.

K<small>ENNETH</small> R<small>OMANOWSKI, ET AL.</small>,

        Defendants.

_____/

Case No. 18-13171

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small>
A<small>NTHONY</small> P<small>ATTI</small>

**O<small>RDER</small> A<small>DOPTING THE</small> O<small>CTOBER</small> 31, 2019 R<small>EPORT AND</small> R<small>ECOMMENDATION</small> [41] <small>AND THE</small> N<small>OVEMBER</small> 6, 2019 R<small>EPORT AND</small> R<small>ECOMMENDATION</small> [43]; G<small>RANTING</small> D<small>EFENDANT</small> R<small>OMANOWSKI'S</small> M<small>OTION FOR</small> S<small>UMMARY</small> J<small>UDGMENT</small> [25]; <small>AND</small> D<small>ENYING</small> P<small>LAINTIFF'S</small> M<small>OTION FOR A</small> S<small>UCCESSIVE</small> P<small>RELIMINARY</small> I<small>NJUNCTION</small> [38]**

Plaintiff Deon Coleman brought this suit on October 11, 2018. [Dkt. # 1]. He filed an Amended Complaint [15] on April 4, 2019. He alleges that he was deprived of the halal diet required by his religious beliefs, in violation of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). (Dkt. 15, Am. Compl.). He argues that his parole was revoked because he could not eat the food provided to him at the Detroit Reentry Center while he was undergoing substance abuse treatment. (Id.).

All pretrial matters in this case have been referred to Magistrate Judge Anthony P. Patti. Pursuant to 28 U.S.C. § 636(b)(1), the Magistrate Judge issued a Report and Recommendation ("R&R") on both of the motions that are today before the Court. The first is Defendant Kenneth Romanowski's motion for Summary Judgment [25]. The

second is Plaintiff Deon Coleman's Motion for a Successive Preliminary Injunction [38]. The Magistrate Judge has recommended granting the first motion and denying the second motion. No objections to either R&R were filed.

## ANALYSIS

On July 10, 2019, Defendant Kenneth Romanowski, who had in February 2019 retired as the Warden of the Detroit Reentry Center, filed a Motion for Summary Judgment [25]. He argued that Plaintiff did not exhaust his remedies against Romanowski as required by the Prison Litigation Reform Act of 1996 ("PLRA"), which provides that "[n]o action shall be brought with respect to prison conditions under § 1983….by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff filed a Response [34] to this motion on August 27, 2019.

The Magistrate Judge in his October 31, 2019 R&R [41] determined that the PLRA was applicable and a grievance procedure was available. Plaintiff's failure to grieve his complaints against Romanowski is therefore fatal to his claim.

On October 30, 2019, Mr. Coleman filed a Motion for Successive Preliminary Injunction [38]. He asked for an injunction requiring the Detroit Reentry Center to provide religious meals in compliance with RLUIPA. The R&R observed that a preliminary injunction is not warranted unless the following four factors are met.

> There are four factors that are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from

irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served.

*Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir. 1991) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir.1985)).

Plaintiff did not address any of these factors in his one paragraph request for a preliminary injunction. He has, at minimum, failed to demonstrate a likelihood of success on the merits or the effect of such an injunction on others and the public interest. Further, since he is no longer incarcerated the Detroit Reentry Center, Plaintiff cannot demonstrate that he will suffer irreparable harm absent an injunction.

## CONCLUSION

Having reviewed the record, the October 31, 2019 Report and Recommendation [41] and the November 6, 2019 Report and Recommendation are hereby **ADOPTED** and entered as the findings and conclusions of the Court.

**IT IS ORDERED** that Defendant Romanowski's Motion for Summary Judgment [25] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Successive Preliminary Injunction [38] is **DENIED**.

**SO ORDERED**.

                                                                  s/Arthur J. Tarnow
                                                                   Arthur J. Tarnow
Dated: December 6, 2019                 Senior United States District Judge